

FILED

Jul 19 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Kevin Martin | Curtis T. Hill, Jr. |
| Carlisle, Indiana | Attorney General of Indiana |
| | |
| | Abigail R. Recker |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Martin, | July 19, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-CT-2595 |
| v. | Appeal from the Sullivan Circuit Court |
| Hon. Hugh Hunt, et al., | The Honorable Christopher A. Newton, Special Judge |
| *Appellee-Defendants* | Trial Court Cause No. 77C01-1804-CT-166 |

**May, Judge.**

[1]     Kevin Martin appeals the trial court's order dismissing his complaint against the Honorable Hugh Hunt, individually and in his personal capacity; Sullivan

Circuit Court Clerk Peggy Goodman; and Indiana Department of Correction ("DOC") employees Brenda Hinton and Charles Dugan (collectively, "Defendants"). We affirm.

## Facts and Procedural History

On April 11, 2018, Martin filed a complaint against Defendants alleging various violations of his due process rights stemming from an incident involving DOC librarian Hinton and a disagreement regarding a copying request Martin made. Martin requested he be released from prison as a result of his pain and suffering in the matter. In July 2018, Defendants filed a motion to dismiss. On August 27, 2018, Martin filed leave to file an amended complaint, which the trial court treated as an amended complaint.

On August 29, 2018, Defendants filed a motion to dismiss the amended complaint, arguing Judge Hunt had judicial immunity; the court lacked jurisdiction to release Martin from prison as requested; the same case was pending before the Indiana Court of Appeals; and the action was contrary to public policy. On October 4, 2018, the trial court granted Defendants' motion to dismiss finding it lacked jurisdiction to release Martin from prison; Judge Hunt was judicially immune from the actions alleged in Martin's complaint; the same case was pending before the Indiana Supreme Court on a petition to transfer from the Indiana Court of Appeals; and "[b]ecause the plaintiff is engaging in serial litigation, suing those involved in orders in previous cases

with which he does not agree, this action is contrary to public policy and must, for that reason, be dismissed." (Appellees' App. Vol. II at 37.)

# Discussion and Decision

[4] As an initial matter, we note Martin appeared before the trial court and in this appeal pro se. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Fatal to Martin's appeal is his non-compliance with several sections of Indiana Appellate Rule 46, which has also been the reason for dismissal or waiver of issues in several other appeals Martin has filed. *See Martin v. Howe, et. al.*, 18A-CT-680, 2018 WL 5956300 (Ind. Ct. App. November 14, 2018) (dismissal of appeal based, in part, on Martin's failure to make a cogent argument), *trans. denied*; *Martin v. Brown, et. al.*, 18A-CT-2940, 2019 WL 1217796 (Ind. Ct. App. March 15, 2019) (affirmed dismissal of complaint based on violations of Indiana Rules of Appellate Procedure), *trans. denied*; *Martin v. Gilbert, et. al.*, 18A-CT-2095, 20149 WL 2363327 (Ind. Ct. App. June 5, 2019) (affirmed dismissal of complaint based on violations of Indiana Rules of Appellate Procedure), *trans. pending.*

[5] Specifically, Martin's appellate brief did not include a Statement of the Case or a Statement of the Facts, both of which are required pursuant to Indiana Appellate Rule 46(A)(5) and Indiana Appellate Rule 46(A)(6) respectively. In

addition, his brief includes several violations of Indiana Appellate Rules 46(A)(8)(a)-(b), which require, in relevant part:

> (8) Argument. This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
> > (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
> >
> > (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

[6] Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999). Martin has not provided a cogent argument, citation to relevant legal precedent, citation to pages in the record, or sufficient statement of facts and procedural history for us to consider his appeal. His brief is hand written and barely legible in some areas. His arguments often do not focus on the trial court's order and instead

allege misconduct by the Defendants that is unrelated and not in the record before us. Finally, he harkens to other cases long ago decided by this court and the trial court, with no real explanation as to the relevance thereof.

[7] While failure to comply with the Indiana Rules of Appellate Procedure does not necessarily result in waiver of a claim,[1] waiver is appropriate when, as here, the violation of those rules substantially impedes our review of the issues alleged. *In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015), *trans. denied*. Accordingly, we affirm the trial court's dismissal of his complaint.[2]

---

[1] We note the judiciary's commitment to open access of courts to all litigants, as is evidenced in a recent amendment to Indiana Code of Judicial Conduct Rule 2.2 (May 16, 2019), which states, in relevant part, "A judge shall uphold and apply the law and shall perform all duties of judicial office fairly and impartially. A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of all litigants, including self-represented litigants, to be heard." The Comments to the Rule give a more specific explanation of possible reasonable efforts:

> [5] A judge's responsibility to promote access to justice, especially in cases involving self-represented litigants, may warrant the exercise of discretion by using techniques that enhance the process of reaching a fair determination in the case. Although the appropriate scope of such discretion and how it is exercised will vary with the circumstances of each case, a judge's exercise of such discretion will not generally raise a reasonable question about the judge's impartiality. Reasonable steps that a judge may take, but in no way is required to take, include:
>
> > (a) Construe pleadings to facilitate consideration of issues raised.

Unfortunately, as indicated *supra*, the deficiencies in Martin's brief are so numerous and egregious that we are unable to ascertain his argument.

[2] We bring to the attention of the parties and the lower court Indiana Code section 34-10-1-3, which states:

> If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34-58-1-2, the offender may not file a new complaint or petition as an indigent person under this chapter, unless a court determines the offender is in immediate danger of serious bodily injury.

Indiana Code section 34-58-1-2 states, in relevant part:

> (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

# Conclusion

Based on Martin's multiple violations of the Indiana Rules of Appellate Procedure, we are unable to ascertain his argument in this matter, and thus any issues he has attempted to present are waived. We affirm the decision of the trial court.

Affirmed.

Mathias, J., and Brown, J., concur.

---

> (1) is frivolous;
>
> (2) is not a claim upon which relief may be granted; or
>
> (3) seeks monetary relief from a defendant who is immune from liability for such relief.
>
> (b) A claim is frivolous under subsection (a)(1) if the claim:
>
> (1) is made primarily to harass a person; or
>
> (2) lacks an arguable basis either in:
>
> (A) law; or
>
> (B) fact.

Here, Martin has filed several cases which the trial court dismissed based on the factors set forth in Indiana Code section 34-58-1-2. *See. e.g., Gilbert, slip op*. at 1, n.1 (trial court dismissed Martin's action as frivolous); *Martin v. Sanford, et. al*., 71C01-1711-CT-000523 (December 18, 2017) (trial court dismissed Martin's action for failure to state a claim upon which relief could be granted); and *Martin v. Kawecki, et. al*, 71C01-1711-CT-000508 (May 17, 2018) (Martin's complaint dismissed for failure to state a claim upon which relief could be granted).