

FILED

Jul 31 2019, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Martin
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin L. Martin, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Richard Brown, et al., <br> *Appellee-Defendant* | July 31, 2019 <br><br> Court of Appeals Case No. 19A-PL-550 <br><br> Appeal from the Sullivan Superior Court <br><br> The Honorable Hugh R. Hunt, Judge <br><br> Trial Court Cause No. 77D01-1811-PL-658 |

**May, Judge.**

[1]     Kevin L. Martin appeals the trial court's grant of a motion for judgment on the pleadings and dismissal of Martin's complaint against Richard Brown, B.

Hinton, J. Meek, and Makenzy Gilbert (collectively, "Defendants").[1] We affirm.

# Facts and Procedural History

Martin is an inmate at the Wabash Valley Correctional Facility ("WVCF"). On November 29, 2018, Martin filed a complaint against Defendants: Brown, who is Warden of the WVCF; B. Hinton, who is supervisor of WVCF law library; J. Meek, who is a caseworker at WVCF; and Makenzy Gilbert, who is mailroom supervisor at WVCF. Martin's complaint alleged violations of 42 U.S.C. § 1983 and of his rights under the First and Fourteenth Amendments of the United States Constitution stemming from an alleged incident involving the delivery of Martin's legal mail.

Defendants timely answered Martin's complaint and, on January 7, 2019, Martin moved to file an amended complaint. On January 11, 2019, the trial court issued an order stating it "was unable to ascertain the basis for said motion" and Martin had "twenty (20) days from the date here [sic] herein to state in a plain concise manner the necessity or reason for the request for leave to amend his complaint." (Appellees' App. at 39.) Martin did not respond to

---

[1] While Martin names only Brown on appeal, and the State argues as if the complaint was filed against Brown alone, our review of the record leads us to conclude the complaint was filed against four defendants and dismissed as to all four defendants. Because a party at trial is also a party on appeal, we will reference all four defendants collectively in our opinion. *See* Ind. Appellate Rule 17(A) ("party of record in the trial court or Administrative Agency shall be a party on appeal").

the trial court's order. Instead, Martin filed an amended complaint without the trial court's leave on January 17, 2019. On January 31, 2019, the trial court issued an order striking Martin's amended complaint.

[4] On February 20, 2019, Martin filed a motion for an order compelling discovery. The next day, Defendants filed a motion for judgment on the pleadings, arguing Martin failed to state a claim for which relief could be granted under 42 U.S.C. § 1983. On February 21, 2019, the trial court granted Defendants' motion for judgment on the pleadings and dismissed Martin's complaint with prejudice, stating:

> The face of the Complaint makes it clear that there are no circumstances upon which relief could be granted. Plaintiff has not plead [sic] any actual harm related to his claim of First Amendment denial of access to the Courts, nor has he plead [sic] any facts in support of his claims of a due process violation of the Fourteenth Amendment.

(*Id*. at 84.)

# Discussion and Decision

[5] At the onset, we note Martin appeared before the trial court and in this appeal as a *pro se* litigant. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

[6] Martin has filed several *pro se* appeals before this court. In all of those appeals, Martin's failure to follow the Indiana Rules of Appellate Procedure has led to

either dismissal of his appeal or affirmation of the trial court's order dismissing his complaint. *See Martin v. Gilbert, et al.*, 18A-CT-2095, 2019 WL 2363327 (Ind. Ct. App. June 5, 2019) (affirmed dismissal of complaint based on violations of Indiana Rules of Appellate Procedure), *trans. pending; Martin v. Brown, et al.*, 18A-CT-2940, 2019 WL 1217796, 123 N.E.3d 712 (Table) (Ind. Ct. App. March 15, 2019) (affirmed dismissal of complaint based on violations of Indiana Rules of Appellate Procedure), *trans. denied*; and *Martin v. Howe, et al.*, 18A-CT-680, 2018 WL 5956300, 113 N.E.3d 813 (Table) (Ind. Ct. App. November 14, 2018) (dismissal of appeal based, in part, on Martin's failure to make a cogent argument), *trans. denied*. We are unable to consider Martin's current appeal for similar reasons.

[7] Martin's most egregious violations of the Indiana Rules of Appellate Procedure in this appeal are of Indiana Appellate Rules 46 and 50. Indiana Appellate Rule 46(A)(8)(a)-(b), requires, in relevant part:

> (8) Argument. This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
>> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
>>
>> (b) The argument must include for each issue a concise statement of the applicable standard of review; this

statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999). Herein, it is extremely difficult, as it evidently was at the trial court level, to ascertain Martin's argument and, thus, we are unable to address it. *See id.* (waiving argument for lack of cogent argument). In addition, Martin's failure to include a "Statement of Case" or a "Statement of Facts" as required by Indiana Appellate Rules 46(A)(5) and (6), respectively, has impeded our ability to discern the circumstances underlying his complaint against Defendants.

[8] Indiana Appellate Rule 50(A)(2) requires the appellant provide certain parts of the record in his appendix:

The appellant's Appendix shall contain a table of contents and copies of the following documents, if they exist:

(a) the chronological case summary for the trial court or Administrative Agency;

(b) the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal;

(c) the jury verdict;

(d) [Deleted, eff. January 1, 2011]

(e) any instruction not included in appellant's brief under Rule 46(A)(8)(e), when error is predicated on the giving or refusing of the instruction;

(f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal;

(g) any other short excerpts from the Record on Appeal, in chronological order, such as essential portions of a contract or pertinent pictures, that are important to a consideration of the issues raised on appeal;

(h) any record material relied on in the brief unless the material is already included in the Transcript;

(i) a verification of accuracy by the attorney or unrepresented party filing the Appendix. The following is an acceptable verification:

"I verify under penalties of perjury that the documents in this Appendix are accurate copies of parts of the Record on Appeal."

Martin's appendix excludes the chronological case summary, the appealed order, a copy of his complaint, and all documents filed by Defendants at the trial court level. Thus, Martin violated parts (a), (b), (f), (g), and (i) of Appellate Rule 50(A)(2). While failure to file an adequate appendix does not necessarily

result in waiver of an issue, Appellate Rule 49(B), Martin's failure to provide a complete and accurate appendix from which we are able to discern the trial court proceedings hindered our review of his appeal.[2]

[9] While we note Martin's failure to comply with the Indiana Rules of Appellate Procedure does not necessarily result in waiver of his claim,[3] such waiver is appropriate when, as here, the violation of those rules substantially impedes our ability to determine and review the issues alleged. *See In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015) (waiving claims on appeal when violations of Appellate Rules impeded ability to review), *trans. denied*. Accordingly, we affirm the trial court's order granting Defendants' motion for judgment on the pleadings and dismissing Martin's complaint with prejudice.

---

[2] The State filed an appendix to supplement Martin's appendix. However, neither party provided a copy of the chronological case summary and, thus, the dates cited in this opinion are based on the file stamps on the documents provided.

[3] As we did in a recent opinion in another case concerning Martin, we note the judiciary's commitment to open access of courts to all litigants, as is evidenced in a recent amendment to Indiana Code of Judicial Conduct Rule 2.2 (May 16, 2019), which states, in relevant part: "A judge shall uphold and apply the law and shall perform all duties of judicial office fairly and impartially. A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of all litigants, including self-represented litigants, to be heard." A Comment to that Rule explains:

> [5] A judge's responsibility to promote access to justice, especially in cases involving self-represented litigants, may warrant the exercise of discretion by using techniques that enhance the process of reaching a fair determination in the case. Although the appropriate scope of such discretion and how it is exercised will vary with the circumstances of each case, a judge's exercise of such discretion will not generally raise a reasonable question about the judge's impartiality. Reasonable steps that a judge may take, but in no way is required to take, include:
>
> > (a) Construe pleadings to facilitate consideration of issues raised.

Unfortunately, as indicated *supra*, the deficiencies in Martin's brief and the record before us are so severe that we are unable to discern the issues Martin is attempting to raise on appeal.

# Conclusion

We are unable to address Martin's arguments regarding the trial court's grant of Defendants' motion for judgment on the pleadings and dismissal of Martin's complaint with prejudice because he has failed to comply with several Rules of Appellate Procedure. Accordingly, we affirm the decision of the trial court.

Affirmed.

Mathias, J., and Brown, J., concur.