## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

May 07 2020, 7:01 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Denise F. Hayden | Rodney T. Sarkovics |
| Lacy Law Office, LLC | Sarkovics Law |
| Indianapolis, Indiana | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| G.L.W., | May 7, 2020 |
| *Appellant-Respondent,* | Court of Appeals Case No. 19A-DR-2277 |
| v. | Appeal from the Hamilton Superior Court |
| J.W.S., | The Honorable Andrew Bloch, Magistrate |
| *Appellee-Petitioner* | Trial Court Cause No. 29D03-1002-DR-176 |

**Crone, Judge.**

## Case Summary

[1] G.L.W. (Father) appeals the trial court's order modifying his child support obligation for his now sixteen-year-old daughter, H.W., from his marriage to J.W.S. (Mother). The trial court also ordered Father to pay a portion of Mother's attorney's fees. On appeal, Father asserts that the trial court's order is clearly erroneous. Finding no clear error, we affirm.

## Facts and Procedural History

[2] The parties were married, and one child, H.W., was born of the marriage. The marriage was dissolved by decree on December 20, 2010. Mother was granted sole legal and primary physical custody of H.W. and relocated to South Carolina in 2013. Father resides in Camby, Indiana. Pursuant to a court order entered on October 1, 2013, Father was granted parenting time pursuant to the Indiana Parenting Time Guidelines when distance is a major factor and was ordered to pay child support of $141 per week.

[3] In November 2018, Mother enrolled H.W. at Compass Rose Academy in Wabash, Indiana on the advice of medical professionals to address H.W.'s troubling behavior and her mental health. Mother decided on Compass Rose after doing research on similar residential behavioral treatment facilities around the country. Father did not agree with H.W.'s enrollment at Compass Rose and has refused to pay anything toward her attendance despite Mother's requests that he do so.

[4]     On December 19, 2018, Mother filed a motion for rule to show cause asking the trial court to hold Father in contempt for failing to pay a portion of H.W.'s attendance at Compass Rose as a medical expense pursuant to the "Six Percent (6%) Rule" of Guideline 7 of the Indiana Child Support Guidelines. Appellant's App. at 34. Father responded by filing his own motion for rule to show cause asking the trial court to hold Mother in contempt for restricting his telephone contact with H.W. and denying him winter-break parenting time in December 2018. Father also stated in his motion that he opposed Mother's decision to enroll H.W. at Compass Rose.

[5]     A hearing on the parties' motions was commenced on February 5, 2019; however, matters were not resolved, and the hearing was continued to February 26, 2019. In the interim, Father filed a petition for modification of both legal and physical custody, parenting time, and child support. Father requested that he be granted primary physical custody and sole legal custody of H.W., and that Mother be ordered to pay child support and granted parenting time. A hearing on the contempt motions was held on February 26, 2019. Thereafter, the trial court entered an order addressing the parties' respective motions, denying both, and finding neither party in contempt.

[6]     On March 22, 2019, Mother filed a petition to modify parenting time. Mother requested that the court restrict Father's parenting time subsequent to H.W.'s release from Compass Rose. The trial court scheduled a hearing on the parties' respective petitions for modification for May 2019. That hearing was later continued. On July 17, 2019, Mother filed a motion to compel discovery

asserting that Father had provided late and incomplete discovery responses despite numerous requests. The trial court granted that motion to compel, ordered Father to comply with specific discovery requests, and stated that the issue of Mother's attorney's fees incurred with relation to the motion would be determined at a subsequent hearing.

[7] The trial court held a hearing on pending issues on July 30, 2019. Prior to the presentation of evidence, Father withdrew his request to modify custody and Mother withdrew her request to modify parenting time. Accordingly, the only issues remaining before the court were child support and Mother's request for attorney's fees in conjunction with her motion to compel discovery. The trial court issued an order with sua sponte findings of fact on September 16, 2019. Regarding child support, the trial court found in pertinent part:

> 14. [H.W.] was placed at Compass Rose by Mother due to her mental health diagnoses.
>
> 15. The cost for [H.W.] to attend Compass Rose was $225 per day upon her enrollment. [H.W.] received a scholarship effective April 1, 2019 which reduced her cost to $112.50 per day.
>
> 16. Compass Rose charges for counseling and other expenses separate from its per diem rate.
>
> 17. Father has paid $0 towards [H.W.'s] Compass Rose expenses. This includes [H.W.'s] daily per diem and all other expenses associated with her commitment including counseling and/or therapy costs.
>
> ….

29.  The Commentary to Guideline 1 of the Indiana Child Support Guidelines state[s] that there are an infinite number of situations which permit the Court to deviate from the recommended Guideline amount for a support obligation including among other things that one or both parties pay union dues, a party pays support for an elderly parent; and the noncustodial parent purchases school clothes.  *See* Commentary to Guideline 1.

30.  Mother searched extensively for [H.W.'s] placement to treat her mental health diagnoses prior to enrollment at Compass Rose.  Mother as custodial parent who lived with [H.W.] on a day-to-day basis and based upon the advice of mental health professionals determined that the best course of action for [H.W.'s] mental health was placement at a facility which provides the services that Compass Rose offers.  Father has offered no financial assistance in this regard.  Mother also testified that the cost to see and visit [H.W.] is high considering the distance between her South Carolina residence and Compass Rose.  Some of Mother's claims are dubious with regards to her selection of Compass Rose, however.  She claimed at one point to have examined every facility in the United States before settling on Compass Rose.  The Court is also concerned about the overall cost of Compass Rose and the parties' ability to pay for it without help from other sources.  When considering the income shares model, the Court wonders if Mother and Father had stayed together whether they would be able to afford Compass Rose as an intact family unit.  Nevertheless, there is no petition pending before the Court with respect to the continued use of Compass Rose, just how payment should be divided.

31.  The Court has previously determined by order that Father is not in contempt for his non-contribution to any of [H.W.'s] Compass Rose expenses (*See* Order dated March 1, 2019).  The evidence has also been that [H.W.'s] enrollment at a facility such as Compass Rose is necessary.

32. The Court finds that Father's weekly gross income is $1,176 per week based on the information he presented to the Court, including the payment of personal expenses by his employer, which happens to be his Wife.

33. …. The Court finds that Mother's gross weekly income should be imputed at $1,032.69.

….

35. The recommended weekly child support obligation without deviation is $142.00 (*See* attached worksheet). Which is virtually unchanged from the Court's last order of $141.00 per week. The cost, as noted elsewhere in this Order, of Compass Rose is significant and the treatment [H.W.] is receiving is necessary. [H.W.] also has other expenses that are not covered by the per diem charge of Compass Rose, in that she still requires the normal expenditures that one would spend on a teenage daughter. The Court finds that deviation is justified due to the expense of [H.W.] attending Compass Rose and order[s] that Father's weekly support obligation is $200.

36. [H.W.] has been enrolled at Compass Rose since prior to Father's filing of his request to modify support. Accordingly, the Court will also find that the modified support obligation began on February 15, 2019 which is the first Friday following Father's petition to modify.

37. The evidence was that Father has timely paid his support obligation through the hearing. The difference in child support between the present order and the modified support obligation is $59 per week. Accordingly, Father's support arrearage is $1,770.00 as of September 30, 2019.

38. Father's support arrearage shall be paid through the Clerk of the Court and to Mother within 60 days of the Court's order.

39. The 6% rule shall apply and Mother shall be responsible for the first $864.24 annually in [H.W.'s] uninsured medical expenses and thereafter any additional uninsured medical expenses shall be paid 53% by Father and 47% by Mother.

40. The 6% rule according to the worksheet in place required that Mother pay the first $768 in uninsured medical expenses for [H.W.'s] benefit. Considering the cost of Compass Rose, the support modification having been filed in February and the retroactive support obligation, the Court will use $721 as the threshold for [H.W.'s] 2019 uninsured medical expense calculation.

Appealed Order at 2-7. Regarding attorney's fees, the court found:

47. Mother filed a motion to compel on July 17, 2019, which was granted. The Court's order compelling discovery is dated July 18, 2019.

48. The pleading had 26(F) correspondence dated April 26 and June 18, 2019 attached to it. Mother incurred attorney fees of $1,201 solely with respect to discovery issues. (Trial Rule 37). Mother is awarded said fees (rounded to $1,200) and payable within 30 days of the date of this Order.

49. Mother had a total of $9,017 in attorney fees which included the $1,201 related to discovery issues.

50. Separate and distinct from discovery issues the Court is authorized to award attorney fees. Ind. Code 31-15-10-1. The Court shall consider the resources of the parties, their economic circumstances and ability to engage in gainful employment, and any other factors which bear on the reasonableness of the award. The court does not believe Father would have contributed to Compass Rose, if Mother had not brought this action.

51. The Court has considered such factors. Mother is awarded an additional $1,800 in attorney fees.

52. The total fee award to Mother is $3,000 which shall be paid within 90 days of the date of this order and any unpaid sum thereafter shall bear interest at the rate of 8% per annum and entered as a judgment against Father.

*Id*. at 8-9 (citation omitted). This appeal ensued.

# Discussion and Decision

## Section 1 – The trial court's order modifying Father's child support obligation is not clearly erroneous.

Father appeals from the trial court's most recent order dated September 16, 2019. Father contends that the trial court's order modifying his child support obligation and ordering him to pay Mother $200 each week in child support is clearly erroneous. We place a strong emphasis on a trial court's discretion in determining child support obligations and will set aside a child support modification only when it is clearly erroneous. *Lea v. Lea*, 691 N.E.2d 1214, 1217 (Ind. 1998). As already noted, in its order, the court entered sua sponte findings of fact. In such a situation,

> the specific factual findings control only the issues that they cover, and a general judgment standard applies to issues upon which there are no findings. It is not necessary that each and every finding be correct, and even if one or more findings are clearly erroneous, we may affirm the judgment if it is supported by other findings or is otherwise supported by the record. We may affirm a general judgment with sua sponte findings on any legal theory supported by the evidence. In reviewing the

accuracy of findings, we first consider whether the evidence supports them. We then consider whether the findings support the judgment. We will disregard a finding only if it is clearly erroneous, which means the record contains no facts to support it either directly or by inference.

*Clary-Ghosh v. Ghosh*, 26 N.E.3d 986, 990 (Ind. Ct. App. 2015) (citations and quotation marks omitted), *trans. denied*.

[9] Indiana Code Section 31-16-8-1 governs modification of child support orders and provides in relevant part:

> (a) Provisions of an order with respect to child support ... may be modified or revoked.
> (b) Except as provided in section 2 of this chapter, modification may be made only:
> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; *or*
> (2) upon a showing that:
> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

(Emphasis added). "In any proceeding for the award of child support, there shall be a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded." Ind. Child Support Rule 2. We observe that a trial court may deviate from the Child Support Guidelines,

but if it does so "the court shall enter a written finding articulating the factual circumstances supporting that conclusion." Ind. Child Support Rule 3.

[10] In challenging the trial court's modification of his child support obligation, Father makes no assertion that H.W.'s behavior and resulting enrollment at Compass Rose did not constitute a change in circumstances so substantial and continuing as to make the terms of his prior child support obligation unreasonable pursuant to Indiana Code Section 31-16-8-1(b)(1).[1] Instead, Father argues that the trial court's upward deviation from the amount recommended by application of the Child Support Guidelines is unwarranted and therefore clearly erroneous.[2] We disagree.

[11] The trial court here entered extensive written findings articulating the factual circumstances supporting the upward deviation of Father's obligation from the $142 weekly amount recommended by application of the Guidelines.[3] Specifically, the trial court found that the per diem cost for H.W. to attend

---

[1] Although Father makes a strange argument that modification of his support obligation cannot be justified pursuant to subsection (b)(2) of Indiana Code Section 31-16-8-1, Father ignores that the statute is written in the disjunctive and presents alternative methods of seeking modification. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005). As noted above, Father makes no claim that H.W.'s behavior and resulting enrollment at Compass Rose did not constitute a substantial and continuing change in circumstances since the prior child support order.

[2] Father makes some arguments that are difficult to understand, and while we do our best to fully address the overriding issue raised, we decline to specifically address certain subparts of his arguments that are disjointed or poorly articulated.

[3] During the hearing, Father requested that his weekly child support obligation be modified downward from his prior obligation of $141 to just $15 based upon evidence of his gross income that the trial court clearly did not find credible. Tr. Vol. 2 at 156; Father's Ex. E.

Compass Rose was significant, and the court further found that the evidence presented demonstrated that the treatment H.W. was receiving at Compass Rose was necessary for her mental health. The court also found that H.W. incurred additional expenses in attending Compass Rose that are not covered by the per diem charge, and that she further required the normal expenditures that one would spend on a teenage daughter. The evidence presented supports these findings, these findings support the court's deviation from the amount recommended by the Guidelines, and Father directs us to no contrary evidence. Father has not demonstrated that the trial court's deviation from the Guidelines is clearly erroneous.

[12] Still, Father argues that the court's modification order is clearly erroneous because it "would seem" that an increase in his child support obligation due to H.W.'s enrollment at Compass Rose, coupled with the court's order that he pay a portion of H.W.'s uninsured heath care expenses pursuant to the six percent rule, results in a "double dip" for Mother as far as health care expenses are concerned. Appellant's Br. at 12. This is not the case.

[13] Here, Father has been ordered to contribute to two different types of expenses. As briefly discussed above, the evidence indicates that there are significant costs associated with H.W.'s attendance at Compass Rose that would not qualify as uninsured health care expenses. Those are accounted for within, and form the basis underlying, the increase in Father's weekly support obligation.

[14]    However, there are also expenses associated with H.W.'s attendance at Compass Rose that would qualify as uninsured health care expenses and, with respect to those, the trial court ordered Mother to pay the first $721 of H.W.'s uninsured heath care expenses pursuant to the six percent rule,[4] and thereafter Father pays fifty-three percent and Mother pays forty-seven percent. While we decline to parse Father's incorrect calculations, we reject his assertion that he is somehow contributing to the same heath care expenses, specifically the six percent figure, twice. Contrary to Father's suggestion, this amount is already accounted for in Father's weekly child support obligation and is not a separate and additional amount. The Commentary to Guideline 7 of the Child Support Guidelines explains, with regard to uninsured health care expenses, that the "noncustodial parent is, in effect, prepaying health care expenses every time a support payment is made. Consequently, the Guidelines require that [the] custodial parent bear the cost of uninsured health care expenses up to six percent (6%) of the Basic Child Support Obligation found on Line 4 of the Child Support Obligation Worksheet …." Father has not demonstrated that the court's modification order results in him contributing twice to the same health care expenses.

[15]    When all is said and done, Father's overriding argument circles back to the fact that he disagrees with H.W.'s placement at Compass Rose in the first place

---

[4] As noted earlier, the trial court adjusted its six percent calculation slightly from the submitted child support worksheet based upon various factors. Neither party challenges the resulting $721 figure.

because it is an expense "he cannot afford and something he does not believe is necessary." Appellant's Br. at 17. In short, Father claims that he should not be required to pay anything toward H.W.'s attendance at Compass Rose through an increase in child support, health care contribution, or otherwise, because he simply believes that she could get outpatient treatment somewhere cheaper. However, that ship has sailed. The trial court emphasized that the evidence indicated that H.W. clearly needs treatment at a facility, and the court aptly noted that "there is no petition pending before the Court with respect to the continued use of Compass Rose, just how payment should be divided." Appealed Order at 5.[5] Father's assertion on appeal that his contribution toward H.W.'s attendance at Compass Rose should be zero and Mother's contribution should be 100 percent is unpersuasive.

[16] As a final matter, Father suggests that the trial court clearly erred in failing to reduce his child support obligation for times when H.W. was residing and as she continues to reside at Compass Rose rather than with Mother. Father did not make this argument to the trial court, and therefore it is waived on appeal. *See, e.g.*, *Plank v. Cmty. Hosp. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) ("[A]ppellate review presupposes that a litigant's arguments have been raised and considered in the trial court."); *Carney v. Patino*, 114 N.E.3d 20, 29 n.6 (Ind. Ct. App. 2018) ("The trial court cannot be found to have erred as to an issue or

---

[5] Although Father's petition to modify custody addressed the choice of Compass Rose for H.W.'s treatment, Father withdrew that petition prior to the trial court's hearing, and thus that issue was no longer pending. Appealed Order at 1.

argument that it never truly had an opportunity to consider."), *trans. denied* (2019).

[17] In sum, Father has not demonstrated that the trial court's order modifying his child support obligation is clearly erroneous. Accordingly, we affirm the trial court's order.

## Section 2 – Father has waived his challenge to the trial court's order that he pay a portion of Mother's attorney's fees.

[18] Father very briefly asserts that the trial court erred in ordering him to pay a portion of Mother's attorney's fees. The trial court ordered Father to pay $1200 as a sanction for his discovery violations and an additional $1800 in fees, for a total of $3000. As a general matter, we note that we afford trial courts broad discretion in deciding whether an award of attorney's fees is warranted. *Russell v. Russell*, 693 N.E.2d 980, 984 (Ind. Ct. App. 1998), *trans. denied*. We will reverse a trial court's decision regarding attorney's fees only when we determine that it has abused this discretion. *Stratton v. Stratton*, 834 N.E.2d 1146, 1152 (Ind. Ct. App. 2005).

[19] We decline to address this issue due to Father's lack of cogent reasoning. It is well established that the argument section of an appellate brief must contain the contentions of the appellant on the issues presented, supported by cogent reasoning, and each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. Ind. Appellate Rule 46(A)(8)(a). Failure to present a cogent argument

results in waiver of the issue on appeal. *Martin v. Hunt*, 130 N.E.3d 135, 137 (Ind. Ct. App. 2019).

[20]     Here, Father has not provided cogent argument, citation to sufficient relevant legal precedent, or citation to pages in the record. In the mere five sentences he dedicates to his entire argument on this issue, Father *repeatedly* refers to the court's award of "$1,000.00" in attorney's fees, claiming that such order is "illogical" given "the parties['] incomes and Father's financial status." Appellant's Br. at 20. As stated above, the trial court awarded Mother $3000 in attorney's fees: $1200 as a discovery sanction, and $1800 pursuant to Indiana Code Section 31-15-10-1.[6] Father does not explain the relevance of the $1000 figure and, while it is possibly just a repetitive typographical error, we are unable to discern exactly what he is challenging and why, as he makes no attempt to differentiate the legal standard for awarding attorney's fees pursuant to the dissolution statute from the standard for imposing sanctions for discovery violations. Moreover, Father references evidence of his alleged inability to pay any portion of Mother's fees, but he provides us no citation to the appendix or record on appeal. We will not search the record for evidence in support of his claim. In sum, we decline to put more effort into addressing Father's argument than he put into making it. Father has waived our review of this issue.

---

[6] That section provides that, in family law/dissolution of marriage cases, "[t]he court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees ...."

Affirmed.

Bailey, J., and Altice, J., concur.