# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.

 

FILED

Mar 22 2024, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Kevin Martin,

*Appellant-Plaintiff*

v.

Marley Hancock, et al.,

*Appellees-Defendants*

---

March 22, 2024

Court of Appeals Case No.
23A-PL-554

Appeal from the LaPorte Superior Court

The Honorable Michael A. Fish, Special Judge

Trial Court Cause No.
46D02-2008-PL-1407

---

**Memorandum Decision by Judge May**
Judges Bailey and Felix concur.

**May, Judge.**

[1] Kevin Martin appeals the trial court's dismissal of his complaint against Deputy Attorney General Marley G. Hancock and St. Joseph County Clerk Terri Rethlake. We affirm.

# Facts and Procedural History

[2] On August 12, 2020, Martin filed a complaint pursuant to 42 U.S.C. Section 1983 against Hancock and Rethlake. Therein, as best as we can ascertain, Martin alleged he was deprived of certain rights as part of a July 2020 deposition Hancock conducted because correctional officers were present during that deposition. Additionally, Martin asserted he was treated differently in some way than two other prisoners were treated during depositions. He claimed this treatment was retaliation for a complaint Martin filed against Hancock with the Indiana Supreme Court Disciplinary Commission. Martin further argued Hancock and Rethlake were engaged in a conspiracy against him, though the nature of that conspiracy was not clear. Martin asked the trial court to award him $500,000.00 in damages and an injunction to have Hancock removed from all of Martin's cases. Martin filed an incomplete summons for Hancock, so the State never received the summons.

[3] In April 2021, Martin filed a motion for default judgment against Hancock. The trial court scheduled a hearing on Martin's request for November 23, 2021. The hearing ultimately was not held, but the parties and court discussed the

case. That discussion seems to have been off the record, though Martin indicated in a subsequent filing that the State asked the trial court to dismiss the case because it had not received a summons but to allow Martin the ability to refile his complaint and complete service on the State.[1] In December 2021, Martin filed another incomplete summons, although it seems that summons was delivered to the State at some point.

[4] On December 20, 2022, the State appeared on Hancock's behalf. On January 23, 2023, Martin filed another motion for default judgment in the case. On February 3, 2023, the State filed a motion asking the trial court to screen Martin's complaint pursuant to Indiana's Frivolous Claim Law, which requires the trial court to consider whether Martin's claim was frivolous, a claim upon which no relief can be granted, or a claim that "seeks monetary relief from a defendant that is immune from liability for such relief." Ind. Code § 34-58-1-2. The State alleged Martin was "an abusive filer in Indiana courts" and a search of online court records revealed he had "a long history of making baseless accusations toward the judges[.]" (App. Vol. II at 29.) Additionally, the State asked the trial court to dismiss Martin's complaint under Trial Rules 12(B)(2), (4), (5), and (6). On February 7, 2023, the trial court dismissed Martin's claims with prejudice after "having considered [the States's] motion and all applicable filings[.]" (*Id.* at 15.)

---

[1] The State did not argue this characterization of the discussion with the trial court is incorrect.

# Discussion and Decision

[5] As an initial matter, we note Martin proceeds pro se. As we noted in one of our earlier opinions involving Martin, "it is well settled that pro se litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules." *Martin v. Brown*, 129 N.E.3d 283, 284 (Ind. Ct. App. 2019) (internal italics omitted). Pro se litigants who do not follow established rules of procedure "must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal citations omitted), *reh'g denied*.

[6] Indiana Appellate Rule 46(A)(8)(a) requires an appellant's brief to contain "contentions of the appellant on the issues presented, supported by cogent reasoning." Here, we are unable to ascertain Martin's argument regarding the trial court's dismissal of his complaint under Indiana Code section 34-58-1-2. He seems to complain of a lack of light in his cell at the Westville Correctional Facility, which he claims caused significant vision problems rendering him unable to properly review legal materials or write. Additionally, he alleges the trial court judge, Judge Michael Fish, committed some sort of misconduct. Finally, he contends a guard at the Westville Correctional Facility discriminated against him based on his race. While he claims he is appealing the trial court's order dismissing his complaint, he makes little argument regarding that specific issue. His brief is handwritten and barely legible in some areas. We cannot understand why he is challenging the trial court's dismissal of his claim or what case law might support any claim he may have.

[7] While we prefer to decide cases on their merits, alleged errors are waived when an appellant's noncompliance with the Indiana Rules of Appellate Procedure is so substantial it impedes our appellate consideration of the errors. *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*. Here, we are unable to determine whether any of Martin's arguments have merit because they are so unintelligible. Moreover, none of his assertions on appeal seem to address the viability of the complaint dismissed by the trial court. Therefore, his egregious violation of Indiana Appellate Rule 46(A)(8)(a) substantially impedes our review of any issues he attempts to raise and thus waives the issues he purports to present from our review. *See*, *e.g.*, *Martin v. Hunt*, 130 N.E.3d 135, 138 (Ind. Ct. App. 2019) (issue waived for violations of Indiana Appellate Rules to the extent that we were unable to ascertain Martin's argument).

## Conclusion

[8] As Martin has not presented a cogent argument, any issues he attempted to present on appeal are waived. Accordingly, we affirm the trial court's dismissal of his claims.

[9] Affirmed.

Bailey, J., and Felix, J., concur.

APPELLANT PRO SE

Kevin Martin
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

David E. Corey
Supervising Deputy Attorney General
Indianapolis, Indiana