

IN THE

# Court of Appeals of Indiana

Derek Steven McCauley,

*Appellant-Defendant*

v.

Newrez LLC d/b/a Shellpoint Mortgage Servicing,

*Appellee-Plaintiff*



FILED

Jan 27 2026, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

January 27, 2026

Court of Appeals Case No.
25A-MF-973

Appeal from the Marion Superior Court

The Honorable Katie R. Melnick, Magistrate
The Honorable Andrew J. Borland, Magistrate

Trial Court Cause No.
49D11-2212-MF-43771

**Opinion by Judge DeBoer**
Judges Bradford and Weissmann concur.

**DeBoer, Judge.**

## Case Summary

In this mortgage foreclosure action, Derek McCauley appeals the trial court's decision to deny his motion to vacate its judgment in favor of Newrez LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint). Because McCauley failed to present any coherent, let alone cogent, arguments on appeal, he has waived appellate review of the trial court's decision. Accordingly, we affirm.

## Facts and Procedural History

Shellpoint filed a complaint to foreclose a mortgage against real estate owned by McCauley, alleging that McCauley had defaulted on the underlying promissory note. In response to that complaint, McCauley filed a litany of documents advancing a series of incoherent assertions commonly made by acolytes of the "sovereign citizen" movement.[1] For example, in one filing McCauley wrote that Shellpoint had "received payment as PAY TO THE ORDER OF NEWREZ LLC on Allonge to Promissory Note from the credit derived from the Plaintiff's signature on the Note thus discharging the mortgage." Appellant's Appendix Vol. 3 at 22. This nonsensical claim is a textbook example of the kind of arguments commonly made by sovereign

---

[1] "Sovereign citizens" are "'a loosely-formed group of citizens who believe that they are sovereign individuals' beyond the reach of the courts." *Flowers v. Jugg*, 24A-CT-1131, at *1 n.1 (Ind. Ct. App. Oct. 4, 2024) (mem.) (quoting *Lewis v. State*, 532 S.W.3d 423, 430 (Tex. App.—Houston [14th Dist.] 2016)), *trans denied*. This Court "and our sister courts have repeatedly rejected such arguments as baseless." *Id.*

citizens in an attempt to "avoid[] mortgage payments by denying the legitimacy of bank claims based on a variety of pseudo-historical/legal propositions[.]" Jessica K. Phillips, *Not All Pro Se Litigants Are Created Equally: Examining the Need for New Pro Se Litigant Classifications Through the Lens of the Sovereign Citizen Movement*, 29 GEO. J. LEGAL ETHICS 1221, 1225 (2016).

[3] Shellpoint moved to strike McCauley's filings, and McCauley repeatedly refused to identify himself at the hearing on that motion. When the trial court asked McCauley what his name was, he replied,

> I'm here by special appearance. Upon proof of claim, I will conditionally accept your offer to move forward in this case upon proof that this is a court of record and that this is a land court that has jurisdiction and venue under the constitution to litigate cases on land.[2] I'm an authorized representative and a beneficiary.

Transcript at 5. When the court directly asked McCauley if he was "Derek Steven McCauley[,]" he answered that he was "the attorney-in-fact"[3] and "authorized representative." *Id.* at 9. The trial court proceeded with the hearing "under the assumption that [he was] Derek Steven McCauley

---

[2] A common pseudo-argument made by sovereign citizens attempting to challenge a court's jurisdiction is that the court only has authority to hear cases under "maritime or admiralty law[.]" Marissa Bryan, *Sovereign Citizens: A Response in Absence of Direction*, 17 CHARLESTON L. REV. 247, 256 (2022).

[3] It is also common for sovereign citizens to purport to have given themselves "power of attorney—over themselves—and subsequently declare[] [that they are] 'sovereign' and exempt from all laws." Julia Melle, *Illogical Extremes: The Sovereign Citizens Movement and the First Amendment*, 22 TEMP. POL. & CIV. RTS. L. REV. 554 (2013).

appearing pro se" and ultimately granted Shellpoint's motion to strike. *Id.* at 24.

[4] Shellpoint later filed a motion for summary judgment and a motion for default judgment. In support of the motion for summary judgment, Shellpoint designated, among other things, a Shellpoint employee's affidavit which affirmed that Shellpoint was the holder of a promissory note secured by a mortgage against McCauley's property and that McCauley had defaulted on the note. McCauley did not respond to that motion or designate any evidence in opposition to it in accordance with Trial Rule 56(C).

[5] At the hearing on the motions for summary judgment and default judgment, McCauley again repeatedly refused to identify himself and merely declared that he was "the implied surety and the subrogee for Derek McCauley." *Id.* at 48. As it had done previously, the trial court proceeded with the hearing, reasoning that McCauley had either failed to appear or was handling the hearing pro se, and heard argument from Shellpoint. When the court asked McCauley for his response, he declared, in part:

> If it's implied that I am the surety, then I'm a subrogee and you [are] a subrogor. Since equity sees me as the beneficiary and sees you as the trustee, now you have the duty to transfer the collateral securities to me, the beneficiary, and bring the account balance to zero constituting merger and settlement.

*Id.* at 53. The court aptly observed that "it [was] unclear . . . what relief [was] being requested by" McCauley, determined that McCauley had failed to

properly respond to Shellpoint's motion for summary judgment, and indicated that it would grant both the motion for summary judgment and the motion for default judgment. *Id.* at 54.

After the hearing, the trial court entered judgment in Shellpoint's favor, foreclosing Shellpoint's mortgage against McCauley's property. Over a month later, McCauley filed a motion asking the court to vacate the judgment, which the court denied. McCauley now appeals.

## Discussion and Decision

Though McCauley proceeds in this appeal pro se, we hold such litigants to the same standard as trained counsel and require them to follow procedural rules. *Martin v. Hunt*, 130 N.E.3d 135, 136 (Ind. Ct. App. 2019). Moreover, this Court has repeatedly recognized that it "will not become an advocate for a party, or address arguments that are . . . too poorly developed or expressed to be understood." *Spainhower v. Smart & Kessler, LLC*, 176 N.E.3d 258, 263 (Ind. Ct. App. 2021) (quoting *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016), *reh'g denied*), *reh'g denied*, *trans. denied*. A party—even one proceeding pro se—may waive appellate review when they "fail[] to present cogent argument on appeal." *Basic,* 58 N.E.3d 984.

McCauley's appellate brief fails to present any coherent, let alone cogent, argument as required by the Appellate Rules. *See* Ind. Appellate Rule 46(A)(8)(a) (providing that an appellant's "argument must contain the contentions of the appellant on the issues presented, supported by cogent

reasoning"). Instead, McCauley's brief repeats many of the same sovereign citizen pseudo-arguments made to the trial court. We take the approach modeled by the Seventh Circuit when addressing similar arguments and summarily reject them as having no basis in law or fact. *See U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *reh'g denied*, *cert. denied*.

In short, by failing to present any cogent argument based in law or fact, McCauley has waived appellate review of the trial court's decision.

## Conclusion

The judgment of the trial court is affirmed.

Affirmed.

Bradford, J., and Weissmann, J., concur.

APPELLANT PRO SE

Derek Steven McCauley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Shannon O'Connell Egan
Nathan H. Blaske
Dinsmore & Shohl LLP
Cincinnati, Ohio